**John M. SILVESTRI, Plaintiff,**

v.

**Honorable Alexander F. BARBIERI, Court Administrator of Pennsylvania, and Honorable Henry Ellenbogen, President Judge of the Court of Common Pleas of Allegheny County, Pennsylvania.**

Civ. A. No. 77–688.

United States District Court, W. D. Pennsylvania.

Aug. 9, 1977.

Leonard J. Paletta, John M. Silvestri, Pittsburgh, Pa., for plaintiff.

Jonathan Vipond, III, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

WEBER, Chief Judge.

This is an action under the Civil Rights Act, 42 U.S.C. 1983. The plaintiff is an attorney who was employed as a law clerk to a judge in the Court of Common Pleas of Allegheny County, Pennsylvania. While holding that office he became a candidate for the office of School Director in a school district in Allegheny County and received the nominations of both parties. During that time he was notified of directives sent by the defendant Alexander F. Barbieri, Court Administrator of Pennsylvania, to the Judges and Justices-of-the-Peace in Pennsylvania calling their attention to the regulations of the Supreme Court of Pennsylvania, which prohibit employees of the Judiciary in the State of Pennsylvania from engaging in political activities. He was threatened with discharge unless he withdrew from the candidacy for office. On June 10th, 1977 he filed the present Complaint in this court asking for injunctive relief against his threatened discharge. The court received and treated this Complaint as a motion for temporary restraining order and denied a temporary restraining order. It appears that contemporaneously with the filing of the civil rights action in this court, the plaintiff had presented a petition to the Supreme Court of Pennsylvania under its original jurisdiction asking for relief from that order.

The federal court action remained without further action during the consideration of the state court petition. On July 1, 1977, the Supreme Court of Pennsylvania denied the plaintiff's petition, reaffirmed its prior rule adopted governing political activities of court employees and reaffirmed the actions of the state court administrator.

On August 3, 1977, plaintiff received a notice of termination of his employment as a law clerk from the President Judge of the Court of Common Pleas of Allegheny County, Pennsylvania. The effective date of said termination was to be August 5, 1977. On August 4, 1977, the plaintiff filed a motion for temporary restraining order against this action. The original Judge handling this matter recused himself and on August 5, 1977 the undersigned met with counsel for both parties to consider further action. A temporary restraining order, without hearing, was refused and the matter was set for hearing and argument on August 9, 1977.

On August 9, 1977, the attorney for the defendants, the staff attorney for the Administrative Office of Pennsylvania Courts, filed a reply to the motion for temporary restraining order or preliminary injunction, and also filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b), on the grounds that

the matter under consideration was res adjudicata by reason of the decision of the Supreme Court of Pennsylvania and that this court should abstain from exercising jurisdiction on the basis of federalism and comity with the state courts.

It is to be noted that in his presentation of his petition to the Supreme Court of Pennsylvania, the plaintiff argued principally his contention that the Pennsylvania rule was in derogation of his federal constitutional rights. Most of the brief submitted to that court, which has been exhibited to this court, in connection with the pleadings, is devoted to his federal constitutional rights argument. The Opinion of the Supreme Court of Pennsylvania filed July 1, 1977 devotes most of its comment to the history of the adoption of the rule governing political activity of court members and employees and its derivation from the Code of Judicial Conduct of the American Bar Association, as adopted by the Pennsylvania Supreme Court. The Supreme Court's Opinion noted that plaintiff has advanced constitutional arguments in support of his petition, particularly that the Directives of the Court Administrator violate his right under the First Amendment and under the Equal Protection Clause of the Constitution of the United States. The court stated that it had considered these arguments and finds them without merit.

We, therefore, find that the plaintiff is in the same position as the plaintiffs in *England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 [1964], where they have unreservedly placed their federal constitutional contentions before the State Supreme Court, and that the matter is, therefore, *res judicata* as to his contentions of denial of federal constitutional rights. His avenue of appeal to the federal courts is by application for writ of certiorari from the Supreme Court of the United States and not by a return to the federal district court.

The same conclusion applied if we called this a matter of abstention. This doctrine provides that a Federal Court should refrain from exercising its jurisdiction in order to avoid needless conflict with the administration by a state of its own affairs. *Burford v. Sun Oil Company,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 [1943]. A comprehensive treatment of both these grounds and the relation between them is illustrated by a case arising in this court, *Roy v. Jones,* 349 F.Supp. 315 [W.D.Pa. 1972], *aff'd* 484 F.2d 96 [3d Cir. 1973]. While the district court based its action in dismissing that suit on the doctrine of abstention and a consideration of the irreparable injury claimed, the affirmance of the judgment by the Circuit Court was specifically based on the *res judicata* doctrine. Like the plaintiffs in *England* there have been no attempts to seek review of the State Supreme Court's judgment by a petition for certiorari. The concurring opinion of Judge Aldisert holds that this is one of the applications of the abstention doctrines. Nevertheless, the specific holding of *Roy v. Jones* is applicable here:

"It is clear from a recitation of the facts of this case that the appellants have sought, through the vehicle of a section 1983 suit for injunctive relief, to have a lower federal court engage in what essentially constitutes relitigation of issues already decided by Pennsylvania's highest court. Having failed to pursue the only available course for federal review of the state court's determination—a writ of certiorari from the Supreme Court of the United States—the appellants are now barred by the principles of *res judicata* from obtaining such review in the lower federal courts." 484 F.2d p. 98.

For these reasons the motion of the defendants to dismiss will be granted.